UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 2 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MICHAEL WEST, )
P.O. Box 1935 )
St. Charles, MO 63302 )
No phone )
      Plaintiff, )
)
vs. )
)
ALPHONSO JACKSON, Secretary of the )
Department of Housing & )
Urban Development, )
451 7th street S.W. )
Washington, D.C. 20410 )
(202) 708-1112 )
)
      Defendant. )

Case: 1:07-cv-00727
Assigned To : Collyer, Rosemary M.
Assign. Date : 04/23/2007
Description: West v. Alphonso Jackson

## COMPLAINT

COMES NOW Michael West, the plaintiff herein, and for his cause of action against Alphonso Jackson, Secretary of the Dep't of Housing & Urban Development (HUD), the defendant, states and alleges as follows:

### FACTS COMMON TO ALL COUNTS

1. Plaintiff Michael West is a natural born U.S. citizen and concerned private individual, with his principle residence within the St. Louis Metropolitan area located in the State of Missouri.

2. As a proximate result of HUD's discriminatory practices under its programs and activities against (1) persons with physical disabilities, or (2) the homeless, or (3) both, plaintiff has been repeatedly subjected to homelessness.

RECEIVED
MAR 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3

3. Defendant HUD is a federal administrative agency of the United States, created pursuant to 42 U.S.C. § 3531 *et seq.*, with its principle offices located at 451 7th Street S.W., Washington, D.C. 20410.

### COUNT ONE

4. This action is brought pursuant to the Freedom of Information Act, as amended, 5 USC § 552, and 24 C.F.R. §§ 15.104(a); 15.111, referred to as "FOIA", to require public disclosure of all records specifically and previously requested, contained in the HUD files.

5. This court has jurisdiction of this action pursuant to FOIA, as amended, 5 U.S.C. § 552(a)(4)(B).

6. Defendant HUD is a federal administrative agency of the United States, created pursuant to 42 U.S.C. § 3531 *et seq.*, with its principle offices located at 451 7th Street S.W., Washington, D.C. 20410. Defendant HUD and its agents constitutes an "agency" within the meaning of FOIA, 5 U.S.C. § 552(e), and is conducting business within this federal judicial district. And Defendant, Alphonso Jackson, is the Secretary of that agency.

7. On or about January 24, 2007, plaintiff, and pursuant to FOIA, 5 U.S.C. § 552(a), requested by letter that the defendant produce copies of specified records and other documents.

8. By agency inaction, the defendant did not reply and denied plaintiff's requests for information with regards to the specified materials in his possession. No control number was assigned to this FOIA request.

9. On or about February 12, 2007, plaintiff appealed this denial pursuant to applicable procedure, and requested that the denied materials information be made available.

10. By agency inaction, the defendant did not reply and denied plaintiff's FOIA appeal and request for material information with regards to specified materials in his possession. No control number was assigned for this FOIA appeal request.

11. More that twenty working days have passed since defendant' receipt of plaintiff' FOIA request, and defendant has not notified plaintiff as to whether it will fully comply with plaintiff's request. Thus, under 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(C), plaintiff has exhausted all of its administrative remedies in attempting to obtain the specified materials information requested under the FOIA.

12. On information and belief, all of the material information sought by plaintiff is within the provisions of FOIA, 5 U.S.C. § 552(a)(3), and is required to be disclosed by defendant.

13. Defendant's failure and refusal to furnish the requested material information is arbitrary and capricious, and irreparably injures plaintiff by depriving him of public information to which he is entitled access.

14. WHEREFORE, for all of the foregoing reasons, plaintiff request that this district court:

    A.    Deem the information sought by plaintiff to constitute public information within the meaning of FOIA, as amended, 5 U.S.C. § 552(a)(4)(B);

    B.    Enjoin the defendant from withholding the requested information from plaintiff;

    C.    Expedite the proceedings in this action as provided for in 5 U.S.C. § 552(a)(4)(B);

    D.    Award plaintiff his costs and/or reasonable attorney fees in this action, in the amount of not less than $10,000.00 pursuant to 5 U.S.C. § 552(a)(4)(E) and Equal Access to Justice Act;

E.  Issue a written finding, pursuant to 5 U.S.C. § 552(a)(4)(F), that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding; and

F.  Grant plaintiff such other and further relief as the court deems just and proper.

## COUNT TWO

15. On or about January 24, 2007, plaintiff, and pursuant to FOIA, 5 U.S.C. § 552(a), 5 CFR §§ 15.104(a), 15.111, requested by letter that the defendant produce copies of specified records and other documents.

16. By agency inaction, the defendant did not reply and denied plaintiff's requests for information with regards to the specified materials in his possession. No control number was assigned to this FOIA request.

17. On or about February 12, 2007, plaintiff appealed this denial pursuant to applicable procedure, and requested that the denied materials information be made available.

18. By agency inaction, the defendant did not reply and denied plaintiff's FOIA appeal and request for material information with regards to specified materials in his possession. No control number was assigned for this FOIA appeal request.

19. More that twenty working days have passed since defendant' receipt of plaintiff' FOIA request, and defendant has not notified plaintiff as to whether it will fully comply with plaintiff's request. Thus, under 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(C), plaintiff has exhausted all of its administrative remedies in attempting to obtain the specified materials information requested under the FOIA.

20. On information and belief, all of the material information sought by plaintiff is within the provisions of FOIA, 5 U.S.C. § 552(a)(3), and is required to be disclosed by defendant.

21. Defendant's failure and refusal to furnish the requested material information is arbitrary and capricious, and irreparably injures plaintiff by depriving him of public information to which he is entitled access.

22. WHEREFORE, for all of the foregoing reasons, plaintiff request that this court:

    A.    Deem the information sought by plaintiff to constitute public information within the meaning of FOIA, as amended, 5 U.S.C. § 552(a)(4)(B);

    B.    Enjoin the defendant from withholding the requested information from plaintiff;

    C.    Expedite the proceedings in this action as provided for in 5 U.S.C. § 552(a)(4)(B);

    D.    Award plaintiff his costs and/or reasonable attorney fees in this action, in the amount of not less than $10,000.00 pursuant to 5 U.S.C. § 552(a)(4)(E) and Equal Access to Justice Act;

    E.    Issue a written finding, pursuant to 5 U.S.C. § 552(a)(4)(F), that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding; and

    G.    Grant plaintiff such other and further relief as the court deems just and proper.

## COUNT THREE

23. This action is brought pursuant to Mandamus Act, 28 U.S.C. § 1921; Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A); 28 C.F.R. Part 35; and the Fourteenth Amendment to U.S. Constitution.

24. On or about July 26, 2004, petitioner filed a disability discrimination complaint with the defendant pursuant to 28 C.F.R. Part 35.

25. In relevant part, 28 C.F.R. Part 35 provides a non-discretionary agency action and investigation shall be made with regards to all incoming allegations and complaints of discrimination. See 28 C.F.R. 35.171.

26. On November 9, 2005, the defendant issued its final report with a finding of "no [probable] cause." Report at 1.

27. Remarkably, the defendant's report stated that "[e]fforts to voluntarily conciliate the complaint during the course of investigation were unsuccessful" despite the fact that no attempts were made. Report at 1.

28. Similarly, the report did not fairly address or mention the alleged investigated "reasonable accommodations" request that was submitted to its sister agency, NECAC.

29. On February 14, 2007, plaintiff filed request for reconsideration in accordance with defendant's directive on page 2 of report. "A complainant may ask HUD to reconsider its determination of No Reasonable Cause." Id.

30. Additionally, on February 14, 2007, plaintiff requested that the underlying complaint be amended based on newly discovered evidence.

31. Briefly, the newly discovery evidence consisted of an *ex parte* hearing and covertly holding an administrative investigative hearing without providing plaintiff with any prior notice and fair opportunity to attend, in which adverse determinations were made against plaintiff, in violation of the Fourteenth Amendment to the U.S. Constitution.

32. Here, the newly discovered evidence reflected that an administrative hearing before NECAC was held without notifying plaintiff. See Interview, Sept. 6, 2005 at 11 of 21 ("I

6

appealed NECAC's decision to terminate my assistance and they investigated the matter and found that Michael West did not live with me.")

33. In contrast, defendant unfairly denied plaintiff's housing assistance payments as provided for under federal law.

34. Notwithstanding, on November 30, 2006, the defendant expressed that he refused to properly process the request for reconsideration and amended complaint in accordance with his own procedural rules.

35. To date, the defendant refuses to perform his ministerial duties in violation of Mandamus Act, 28 U.S.C. § 1291; APA, 5 U.S.C. § 701 *et seq.*; 28 CFR Part 35; and Fourteenth Amendment to U.S. Constitution.

36. The aforementioned investigation, hearing and decision were defective because:

    A. The defendant's decision is unsupported by competent and substantial evidence on the whole record;

    B. The hearing involved an unlawful procedure without a fair hearing;

    C. The investigation involved an unlawful procedure without a fair investigation in light of the fact that the defendant's report's premises were based, in whole or in part, on false, perjured, or misleading information. To date, no reasonable action has been taken by defendant to correct its false, unsubstantiated findings and conclusions of law;

    D. The defendant's reconsideration action was arbitrary and capricious and an abuse of discretion;

    E. The defendant's failure to investigate allegations of fraud and deception of interviewed witnesses action was arbitrary and capricious and an abuse of discretion;

F. The defendant's action is in excess of the statutory authority or jurisdiction of the agency;

G. The defendant's action is unauthorized by law.

37. The hearing and investigation provided pursuant to 28 CFR Part 35 was constitutionally deficient for failure to provide Petitioner and others similarly situated with the notice of the events for which they are charged.

38. With regards to plaintiff's request for reconsideration, one or more of the following issues could not be resolved in the affirmative:

A. Whether or not defendant's interviewees provided false, misleading, or untrue information to government officials in question;

B. Whether or not Petitioner was provided notice of NECAC's investigative hearing in question;

C. Whether or not Petitioner was provided "reasonable accommodations" in accordance with federal disability law.

39. The U.S. Supreme Court has recognized that the denial of benefits on the basis of gender stigmatizes members of the disfavored class. See Heckler v. Mathews, 465 U.S. at 739-40. (citations omitted). This recognition may be reasonably applied for denial of benefits on the basis of disability.

40. A favorable court ruling could remedy the defendant's practical and legal consequences (plaintiff's lost housing assistance and defendant's vulnerability to penalties) of any improperly withheld agency action permitted by defendant.

41. WHEREFORE, Petitioner prays this Court:

A. Enter its order to compel defendant to perform its ministerial duties;

B. Enter its order reversing or modifying the decision of the defendant, holding the purported factual findings to be null and void;

C. Enter its order setting aside the order denying petitioner's housing assistance payments as aforesaid;

D. Enter an order for triple actual damages in which plaintiff may be awarded by this court, or an amount of not less than $150,000.00, plus interest at the maximum rate permitted under law (derived from date of application for government housing benefits to present), whichever may be greater;

E. Plaintiff seeks an injunction requiring defendant to follow and apply the standards and requirements of 28 C.F.R. Part 35 (and other applicable authorities, e.g., APA);

F. Plaintiff seek a declaratory judgment that HUD and the several identifiable employees applied incorrect standards and requirements and/or incorrectly applied standards and requirements in investigating, monitoring, concluding and reconsidering complaints, and that Defendant HUD and Alphonso Jackson failed to grant or provide genuine administrative remedies;

G. Plaintiff also seek a declaratory judgment that "equal" is the correct standard in investigating, monitoring and closing discrimination claims under 28 C.F.R. Part 35;

H. Enter an order for all costs and fees be awarded to plaintiff and taxed against defendant under Equal Access to Justice Act; and

I. Enter an order providing whatever further relief this Court deems just and reasonable in the premises.

*******

Respectfully submitted this 22nd day of March 2007.

Michael West, *pro se*
P.O. Box 1935
St. Charles, MO 63302-1935
No phone

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
MICHAEL WEST

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE N/P

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS
ALPHONSO JACKSON

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-00727
Assigned To : Collyer, Rosemary M.
Assign. Date : 04/23/2007
Description: West v. Alphonso Jackson

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/* *2255* <br> ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination* <br> ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☒ I. *FOIA/PRIVACY ACT* <br> ☒ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ J. *Student Loan* <br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)* <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)* <br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract* <br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ N. *Three-Judge Court* <br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 USC 552 - F.O.I.A.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $   Check YES only if demanded in complaint   JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☒ YES  ☐ NO   If yes, please complete related case form.

DATE        SIGNATURE OF ATTORNEY OF RECORD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

\forms\js-44.wpd

