UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, )<br> )<br> Plaintiff, )<br> )<br> v. )<br> )<br>ALPHONSO JACKSON, Secretary )<br> of the Department of Housing )<br> and Urban Development, )<br> )<br> Defendant. )<br> )<br> ) | Civil Action No. 07-0727 (RMC) |

**MOTION FOR ENLARGEMENT OF TIME**

 Pursuant to Fed. R. Civ. P. 6(b)(1), Defendant Alphonso Jackson, Secretary of the United States Department of Housing and Urban Development ("HUD"), by and through undersigned counsel, respectfully moves this Court to enlarge the time to file a Reply in response to Plaintiff's Opposition and in Support of Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment.  The undersigned counsel did not attempt to contact *pro se* Plaintiff to discuss this Motion, pursuant to Local Civil Rule 7(m), because Plaintiff does not list a contact telephone number where he can be reached on his Complaint or his Opposition, and none appears on the docket sheet.  See Docket Entry No. 3, Complaint; Docket Entry No. 18, Plaintiff's Opposition to Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment; Docket Report.

 Defendant requests that the deadline for filing a Reply brief in response to Plaintiff's Opposition and in Support of Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment be extended by forty two days, from October 19, 2007 to November 30, 2007.  This is Defendant's first request for an enlargement of time on his Reply brief in this case, and no

scheduling order has been entered.

In support of Defendant's Motion, Defendant respectfully states as follows:

1. On September 4, 2007, Defendant filed a Motion to Dismiss, or in the Alternative, for Summary Judgment ("Def.'s MTD/MSJ"). See Docket Entry No. 15.

2. On September 5, 2007, the Court issued an Order in which it instructed Plaintiff to file a Response to Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment by November 8, 2007, and warned him that if he failed to file a response by that date that the Court might treat the matter as conceded. See Docket Entry No. 16. Had Plaintiff in fact filed his Opposition on November 8, 2007, and served it upon Defendant on that date, Defendant's Reply brief would have been due by November 19, 2007. See LCvR 7(d); Fed. R. Civ. 6(a), (e).

3. On October 9, 2007, Plaintiff filed an Opposition to Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment. See Docket Entry No. 18. The certificate of service accompanying that pleading asserts that Plaintiff mailed his Opposition to the undersigned counsel on October 9, 2007. Id. Consequently, Defendant's deadline for filing a Reply to Plaintiff's Opposition is currently October 19, 2007. See LCvR 7(d); Fed. R. Civ. 6(a), (e).

4. The undersigned counsel for Defendant did not however receive a notification from the Electronic Case Filing ("ECF") system that Plaintiff had filed an Opposition until October 12, 2007. The ECF notification was the first notification that the undersigned counsel received of Plaintiff's Opposition. Defendant has not yet received a service copy of Plaintiff's Opposition.

5. The undersigned counsel intends to file a Reply brief in response to Plaintiff's Opposition. Despite his best efforts, he will not be able to complete an adequate Reply brief by October 19, 2007.

6. Plaintiff's Opposition brief makes numerous legal arguments and factual representations which demand a response. See Docket Entry No. 18.[1] Plaintiff has also filed with his fifteen page brief, a nine page declaration, a seven page Statement of Disputed Facts, and seven additional pages of exhibits. Id. In total, Plaintiff has filed thirty (38) pages worth of material in response to Def.'s MTD/MSJ. Id.

7. The undersigned Counsel for Defendant and agency counsel will need some additional time to review and analyze Plaintiff's Opposition and supporting documents, conduct factual investigation, legal research, and prepare an appropriate Reply brief.

8. Within the next forty five (45) days, the undersigned counsel for Defendant will have numerous briefing deadlines in his other cases, including: (1) an Answer or other Response to the Complaint in Isasi v. United States, Civil Action No. 06-2222 (D.D.C.) (currently due by October 17, 2007); (2) a response to a Motion for Costs, or in the Alternative, for Reconsideration in Sample v. BOP, Civil Action No. 03-805 (D.D.C.) (due by October 30, 2007); (3) an Answer or other Response to the Amended Complaint in Cooper v. EOUSA, Civil Action No. 07-744 (D.D.C.) (due by November 1, 2007); (4) an Answer or Other Response to the Complaint in Estate of Gerald Grossman v. Gutierrez, 07-353 (D.D.C.) (due by November 2, 2007); (5) a Reply brief in Dews-Miller v. Rice, Civil Action No. 06-1764 (D.D.C.) ("Dews-Miller"), a complex case both in its procedural history and the range of legal issues implicated (the complaint for Dews-Miller contains no fewer than 22 counts and 115 paragraphs) (currently due by November

---

[1] Among other things, Plaintiff has attempted to raise a plethora of new factual assertions and legal arguments for the first time in his Opposition. Defendant will explain in its Reply that this is improper as it is well established that a plaintiff cannot raise new claims for the first time in an opposition brief. Id.

3

5, 2007); (6) a Response to the Amended Complaint in <u>Murthy v. Conner</u>, Civil Action No. 06-2208 (D.D.C.) (due by November 5, 2007); (7) an Answer or other Response to the Complaint in <u>Lieberman v. HHS</u>, Civil Action No. 07-1602 (D.D.C.) (due by November 13, 2007); (8) an Answer or Other Response to the Complaint in <u>Keller v. Springer</u>, Civil Action No. 07-1388 (D.D.C.) (due by November 19, 2007); and (9) a Reply brief in <u>Federal Cure v. Lappin</u>, Civil Action No. 07-843 (D.D.C.) (due by November 30, 2007, assuming that Plaintiff files his Opposition by the current deadline). During this period, the undersigned counsel will also need to contend with discovery related deadlines in connection with two of his other cases: <u>Von Muhlenbrock v. Billington</u>, Civil Action No. 05-1921 (D.D.C.) and <u>Delgado v. Gonzales</u>, Civil Action No. 07-0256 (D.D.C.). He will also be one of two attorneys responsible for representing the Defendant at a damages trial which is currently scheduled to begin on December 10, 2007 in <u>Dugar, et. al. v. Washington Metropolitan Area Transit Authority, et. al.</u>, 05-1500 (D.D.C.).

    9. For his part, the agency counsel assigned to this matter will have will several imminent briefing deadlines in his other cases, including dispositive motions in: <u>North Hills Terrace v. HUD</u>, Civil Action No. 07-00013 (E.D. AR) (due October 19, 2007), <u>Forest Hills Southeast Development Corp. v. HUD</u>, Civil Action No. 07-01206 (E.D. Mo.) (due October 17, 2007), and <u>Jerusalem Charitable Trust v. HUD</u>, Civil Action No. 07-424 (E.D. Tex.) ("<u>Jerusalem Charitable Trust</u>") (due October 22, 2007). In addition, agency counsel is involved in extensive settlement negotiations in both <u>Jerusalem Charitable Trust</u> and <u>Kukui Gardens Association v. HUD</u>, Civil Action No. 06-00534 (D. Hi.). Finally, agency counsel is currently responsible for several matters within HUD, including advising various HUD program offices and considering HUD's response to potential litigation in a number of matters. Inasmuch as Plaintiff's

Opposition improperly raises several new claims as well as a plethora of new factual allegations, the agency counsel will need additional time to examine HUD's records and consider the merits of Plaintiff's latest legal claims and factual allegations.

This extension is sought in good faith and will not unfairly prejudice any party. Allowing Defendant some additional time to formulate a response will aid both the parties and the Court in the development and resolution of this case.

WHEREFORE, based on the foregoing, Defendant respectfully requests that the time for filing a Reply to Plaintiff's Opposition be extended to November 30, 2007.

Respectfully submitted,

\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

\_\_/s/_____
JONATHAN C. BRUMER, D.C. BAR # 463328
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530
(202) 514-7431
(202) 514-8780 (facsimile)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 17th day of October, 2007, the foregoing *Motion for Enlargement of Time* was served on plaintiff, pro se, by first class, postage pre-paid mail, addressed as follows:

>Michael West
>P.O. Box 1935
>St. Charles, MO 63302

>__/s/_____
>JONATHAN C. BRUMER, D.C. BAR # 463328
>Special Assistant United States Attorney
>555 Fourth Street, N.W., Room E4815
>Washington, D.C. 20530
>(202) 514-7431
>(202) 514-8780 (facsimile)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-0727 (RMC) |
| | ) |
| ALPHONSO JACKSON, Secretary | ) |
| of the Department of Housing | ) |
| and Urban Development, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

UPON CONSIDERATION of Defendant's Motion for Enlargement of Time to respond to the Complaint, and the record herein, and it appearing that good cause exists for the requested extension, it is this _____ day of _____, 2007,

ORDERED, that Defendant's Motion be, and hereby is, GRANTED, and it is

FURTHER ORDERED, that Defendant shall have until November 30, 2007, to file a Reply brief in response to Plaintiff's Opposition and in Support of Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment.

_____
ROSEMARY M. COLLYER
United States District Court Judge

Copies of this order to:

Michael West
P.O. Box 1935
St. Charles, MO 63302

Jonathan C. Brumer
Special Assistant United States Attorney
United States Attorney's Office
 for the District of Columbia
555 Fourth Street, N.W., Room E-4815
Washington, D.C. 20530