UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL WEST, )
)
        Plaintiff, )
v. ) Case No. 07-0727 (RMC)
)
ALPHONSO JACKSON, Secretary )
of the Department of Housing and )
Urban Development, )
)
        Defendant. )

### PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION FOR ENLARGMENT OF TIME TO FILE REPLY

COMES Now Plaintiff Michael West, *pro se*, and moves this court with plaintiff's motion in opposition to defendant's motion for enlargement of time to file reply. In support, the following is briefly provided:

1. Previously, this court has generously provided this Defendant with an unprecedented amount of time to comply with its ministerial duties in this FOIA case when compared to the plain language and unambiguous statutory twenty-day statutory language of Freedom of Information Act. 5 U.S.C. 552(a).

2. On October 17, 2007, Defendant filed an additional motion for extension of time to file a reply.

3. When reviewing the Defendant's instant motion, there is no reasonable explanation as to why s/he did not thoroughly review this case from the outset or before filing motion to dismiss, or in the alternative, motion for summary judgment. In fact, it is generally assumed that the defendant did so ... in a simple case such as this instant FOIA case.

RECEIVED
OCT 3 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

4. Additionally, the Defendant stated that "no scheduling order has been ordered" and yet, however, this court clearly entered its Order directing Petitioner to file a response to Defendant's motion to dismiss originally no later than November 8, 2007, which Petitioner believes purports to be a scheduling order. See Doc. 19 at 2.

5. In contrast, the Plaintiff's documents recently filed in opposition to Defendant's motion enumerated immediately above merely demonstrate: (1) that Defendant had filed false affidavits to actively mislead this district court, (2) that Defendant failed to conduct a reasonable search of FOIA materials responsive to the underlying written requests, and (3) that the Defendant's administering agency's – NECAC – unconstitutional practices may be reasonably imputed on the Defendant because the Defendant has not provided any substantial evidence that it has reasonably made any corrective measures with regards to the identified discriminatory practices against the homeless, poor, or disabled with regards to application for Federal government housing benefits under HUD's statutes and regulations.

6. Here, the Defendant stated that it investigates its programs and administering agency for unconstitutional practices. However, to date, the Plaintiff has not received any substantiated factual findings with regards to reasonably requested 28 CFR Part 35 investigation and reported unconstitutional practices.

7. Moreover, Plaintiff would be prejudiced in this matter because this is one of important hurdle for Plaintiff to cross because the documents and evidence are sought in order to obtain government housing benefits which are inextricably intertwined to the instant FOIA case.

8. Any delays in the instant FOIA case would undoubtedly cause additional unwarranted, discriminatory, or prejudicial delays in receipt of this said Federal benefit.

9. After a careful review of the documents and evidence filed in this case, it can be said that the Plaintiff has identified and been denied an "adequate, effective, and meaningful" administrative process with regards to timely receipt of Federal housing benefits provided by this Defendant and its administering agencies.

10. In support, the Defendant agrees and states that he is "currently responsible for several matters within HUD, including advising various HUD program offices ... to potential *litigation in a number of matters*." Doc. No. 19 at 4. Emphasis added.

11. Here, the Defendant's bald, conclusory claim is not supported by any verifiable facts or evidence when he previously knew in advance that his reply date was already set by this Court's Order, in which was to be filed no later than "November 19, 2007." Doc. No. 19 at 2. Therefore, this court should disregard Defendant's not-so-ingenious claims in support of an additional extension in this simple case.

12. Moreover, the Plaintiff maintains a property interest in the receipt of government housing benefits, in which he may be otherwise qualified for.

13. Under these circumstances, by this court granting the Defendant's request for an additional forty-five days would render the FOIA statute as a nullity as well as prejudice Plaintiff's access to Federal housing benefits. See ¶ 9, above.

14. Under these same circumstances, and as a matter of fundamental fairness, summary judgment should have been granted to the Petitioner from the outset…in which this Defendant could then be subjected to a plethora of unprecedented delays should he decide to file an appeal.

For the foregoing reasons, it is respectfully requested that this court deny defendant's request for an additional forty-five days to file its response, and grant Plaintiff any other relief fit in the premises.

Dated this <u>25th</u> day of October 2007.

_____
Michael West, *pro se*
P.O. Box 1935
St. Charles, MO 63302
No phone

## CERTIFICATE OF SERVICE

    I certify that a true and complete copy of the foregoing motion was placed in the U.S. Mail, postage pre-paid, this 25th day of October 2007, to

Jeffrey Taylor
U.S. Attorneys Office
555 Fourth St., N.W., Rm E4816
Washington, D.C. 20530

_____