Received
Mail Room

FEB 1 9 2008

United States Court of
District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MICHAEL WEST,                             )
                                          )
                    Plaintiff,            )
                                          )
        v.                                )    Case No. 07-CV0727 (RMC)
                                          )
ALPHONSO JACKSON, Secretary               )
of the Department of Housing and          )
Urban Development,                        )
                                          )
                    Defendant.            )

## PLAINTIFF'S MOTION TO COMPEL SUBPOENA
## DIRECTED TO DEFENDANT HUD'S MR. TURNER RUSSELL

Plaintiff Michael West, *pro se*, respectfully moves this court pursuant to Rule 45 of the

Federal Rules of Civil Procedure, for its Order to compel enforcement of subpoena directed to

defendant's HUD representative - Mr. Turner Russell. In support, the following is provided:

1. West contends that the defendant continues "sandbagging" both this district court and

plaintiff, just as defendant successfully accomplished in the prior case of West v. Jackson, Case

No. 05-CV1441 RMC (D.D.C. 2007). See P's temporary placeholder Rule 60(b) motion based

upon D's fraud practice, Id.

2. Because of defendant's unfair litigation practice, on January 18, 2008 Plaintiff had served

HUD's representative, Mr. Turner Russell, with a subpoena in a civil case. Conversely, the

instant lawsuit pertains to several due process violations committed by defendant and his agency

(see PLAINTIFF'S REPLY TO DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S

MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT at p. 1,

¶ 1), which a subpoena is otherwise authorized under the Federal Rules of Civil Procedure.

# RECEIVED

FEB 1 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3.  Federal Rule of Civil Procedure 45 authorizes court-issued subpoenas to obtain discovery from third parties, and Rule 26, which generally governs civil discovery, provides: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P.26(b)(1).

4.  Federal Rule of Civil Procedure 34 requires only the production of documents in the "possession, custody, or control" of the person to whom the subpoena is directed.

5.  Within said subpoena, the subpoena orders Mr. Russell to turn over a true and complete copy of "[a]ny and all materials in HUD's possession concerning any form of communication of Mr. Turner Russell that pertain to Petitioner Michael West, directly or indirectly, including, but not limited all written and e-mail correspondence." West's Subpoena, dated January 18, 2008 at 1. A true and complete copy is attached and marked as West's Exhibit 1.

6.  Here, the expense for Mr. Russell to comply with this civil subpoena for him to provide complete and legible copies of documents from past dealings or an e-mail pertaining to Plaintiff West would be *de minimus*.

7.  To date, Mr. Turner Russell refuses to reasonably comply or answer Plaintiff's underlying subpoena that request discrimination materials relevant to the instant case, in which the defendant recently raised its defense that Plaintiff failed to exhaust administrative remedies with regards to Plaintiff West's Rehabilitation Act claims, in which discovery would reasonably provide additional and complete identification of these federal actors employed by HUD. See D's reply to P's reply to D's motion to dismiss, or in the alternative, motion for summary judgment.

8.  Mr. Russell has dealt with Plaintiff West for only a few years, which falls under the same period of time as the separate discrimination complaints pertaining to both HUD employees and its administering representative agency, NECAC. .

9.  As such, there is no evidence that the subpoena is unduly "burdensome and oppressive" under Rule 45.

10. Conversely, here the civil subpoena request served on Mr. Russell is narrowly tailored for specific information that is relevant to the instant case and served on an actual "person." See Wehling v. Columbia Broad. Sys., 608 F.2d 1084, 1086 (5th Cir. 1979) citing FED. R. CIV. P. 26(b)(1); Yousuf v. Samantar, No. 05-5197 (D.C. Cir. 2005). Mr. West contends that the Russell materials "is at least helpful to his defense" with regards to defendant's newly, fabricated claims.

11. Additionally, a fair review of the attached subpoena provides a reasonable period of time for its compliance. Id.

12. Significantly, the present record shows that the defendant fails to link the specific Turner Russell documentary evidence to any set of records that have been previously released under West's discrimination complaint pertaining to identifiable HUD's employees' discriminatory practice or West's FOIA requests, or both. In contrast, again, the defendant raises its defense that West "failed to exhaust" administrative remedies before proceeding in this Court with regards to Rehab Act claims against this defendant, as well as several due process claims in violation of the Fifth Amendment.

13. Plaintiff West contends that the Turner Russell documents would prove otherwise with regards to defendant's raised defense(s). Similarly, these same sought subpoenaed documents would substantially support West's due process claims with regards to him being denied a timely and fair administrative "reconsideration" process. In other words, this same subpoenaed

evidence would reasonably show West fairly presented his claims to defendant before proceeding in this Court; therefore, West "exhausted" administrative remedies.

14. Additionally, in the event that defendant raises any withheld "privilege" claim with regards to the underlying subpoena served on Mr. Russell, an *in camera* review would benefit this Court because Plaintiff firmly believes that none of the documentary evidence within Mr. Russell's possession, control, or maintenance would be generally privileged under federal law. See, e.g., Judicial Watch, 432 F.3d at 370.

15. Under these circumstances, a court's blanket denial of discovery would likely be an abuse of discretion if discovery is 'indispensable to a fair, rounded, development of the material facts.'"); see also Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995).

16. In sum, Plaintiff West contends that Defendant's attorneys have orchestrated a fraudulent defense claims practice that artificially overstates their falsely fabricated evidence, in which there is no credible evidence that exists to support their alleged defenses. The result of Defendant's unfair practice, which features Defendant withholding relevant documentary evidence and then simultaneously claiming to this Court that Plaintiff failed to provide supporting documentary evidence to support his claims, is to obtain this Court's dismissal Order at any cost. This instant factual claim can be *clearly* illustrated by Mr. Turner Russell providing the requested, subpoenaed materials (emphasis added).

17. Mr. Turner Russell's office is irrefutably and centrally located within this court's jurisdiction and venue. See West's Decl.

For these reasons, the court should grant this motion to compel in its entirety, for an order awarding Plaintiff reasonable expenses incurred on this motion, and for any other relief fit in the premises.

4

Respectfully submitted this 10th day of February 2008.

Michael West, *pro se*
P.O. Box 1935
St. Charles, MO 63302
No phone

## CERTIFICATE OF SERVICE

I certify that a true and complete copy of the foregoing was placed in the U.S. Mail, postage pre-paid, this 10th day of February 2008, to

Jeffrey Taylor
U.S. Attorneys Office
555 Fourth St., N.W., Rm E4816
Washington, D.C. 20530

AO88 (Rev. 12/06) Subpoena in a Civil Case

FEB 1 2008

United States
District of

**Issued by the**

# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

MICHAEL WEST,
Plaintiff

v.

ALPHONSO JACKSON,
Defendant.

TO:

Mr. Turner Russell

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-0727 (RMC)

☐ **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Any and all materials in HuD's possession concerning any form of communication of Mr. Turner Russell that pertain to Petitioner Michael West, directly or indirectly, including, but not limited to all written and e-mail correspondence.

| PLACE Not applicable | DATE AND TIME Produce no later than January 27, 2008 |
|---|---|

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Michael West_, Plaintiff/Petitioner (No attorney) | January 18, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

MICHAEL WEST, P.O. Box 1935, St. Charles, Mo 63302 - No phone

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

WEST'S
EXHIBIT 1

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).